# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HARBOR FEDERAL SAVINGS BANK,**

**Plaintiff,**

**-vs-**                                              **Case No.  6:06-cv-89-Orl-18DAB**

**M/V SANDBAR TOO,**
**DONALD M. GREEN,**
                            **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR AWARD OF ATTORNEY'S FEES (Doc. No. 29)** |
| **FILED:** | **April 25, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

This action came for consideration before the Court on the Plaintiff's Motion for Award of Attorney's Fees filed April 24, 2006, and the separate Bill of Costs taxed by the Clerk of Court on April 24, 2006.  The Court finds that Plaintiff HARBOR FEDERAL SAVINGS BANK is entitled to attorney's fees and costs incurred to the date of the Motion and Bill of Costs, to be realized on condemnation and sale of the Defendant Vessel, the M/V SANDBAR TOO, as prayed in the complaint.

Plaintiff seeks an award of attorney's fees, pursuant to the final judgment entered on April 13, 2006 (Doc. No. 25), as well as an award of costs.  Plaintiff has filed the affidavits of counsel Patricia

Olney (Doc. No. 29-2) and Cocoa attorney Harold T. Bistline (Doc. No. 29-3) in support of the motion.   No other appearances have been filed; there is no opposition to the Motion.

Plaintiff seeks compensation at the rate of $185.00 per hour for Ms. Olney's services.    The Court reviews these claimed rates, mindful of the factors set forth in *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988), to determine whether they represent "the prevailing market rates in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and  reputation."  Thus, the Court looks to the skills, experience and reputation of the attorney in order to ascertain what comparable lawyers charge for similar services here.

According to her affidavit, Ms. Olney has been a member of the Florida Bar since 1979.  She has 27 years of maritime law experience, and 20 years of experience with particular emphasis on Port Canaveral.  She is one of 60 attorneys in Florida who are Board Certified in Admiralty and Maritime Law.  Doc. No. 29-2.  Mr. Bistline, proffered as an expert on attorney's fees, opined that the prevailing rate in this community for attorneys of comparable skill and expertise in the area of admiralty is at least $185.00 per hour.  Doc. No. 29-3.  The Court finds a rate of $185.00 for Ms. Olney's services to be reasonable.  Plaintiff seeks reimbursement for 42.6 billable hours, which the Court has reviewed and finds to be reasonable.

Therefore, the Clerk is DIRECTED to enter Judgment as follows:

**IT IS ORDERED AND ADJUDGED** that the Plaintiff HARBOR FEDERAL SAVINGS BANK recover:

> the principal sum of $8,029.86 as attorney's fees plus taxable costs of $6,000.77 and post-judgment interest thereafter from the date of this Judgment at the rate of 4.90% as provided by law,

of the Defendant Vessel, M/V SANDBAR TOO, a 1999 40 foot Black Watch sportfishing vessel bearing U.S.C.G. Official No. 1096982, her engines, boilers, machinery, masts, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, capstans, outfit, tools, pumps, gear, furnishings, appliances,

fittings and spare and replacement parts, and all other appurtenances thereto appertaining or belonging, whether now owned or hereafter acquired by Owner, whether on board or not on board, and also any and all additions, improvements and replacements hereinafter made by Owner or on Owner's behalf to Vessel, or any part thereof, and all products and proceeds of the foregoing, etc., and

It is further ORDERED AND ADJUDGED that the Defendant Vessel M/V SANDBAR TOO, U.S.C.G. Official No. 1096982 (her engines, boilers, machinery, etc.) be condemned to pay Plaintiff HARBOR FEDERAL SAVINGS BANK, the foregoing sums and judgments, and that Plaintiff recover in this action against Defendant Vessel (her engines, boilers, machinery, etc.) the foregoing sums and judgments from the said Vessel (her engines, boilers, machinery, etc.), and

It is further ORDERED AND ADJUDGED that this judgment of the Plaintiff, HARBOR FEDERAL SAVINGS BANK is found to be a preferred mortgage lien which is prior and superior to the claims of all other persons, firms or corporations whatsoever, to the extent that those claims may purport to constitute maritime liens or other claims against the Vessel, and

It is further ORDERED AND ADJUDGED that the Court reserves jurisdiction to enter supplemental judgments for attorney's fees and costs incurred subsequent to entry of this judgment as well as to conduct further proceedings against the Defendant Donald M. Green, *in personam*, including entry of a deficiency judgment in the event that the proceeds of the sale of the Defendant Vessel SANDBAR TOO are insufficient to satisfy the judgments of Plaintiff HARBOR FEDERAL SAVINGS BANK in their entirety.

DONE and ORDERED in Orlando, Florida on April 28, 2006.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record